NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALIA CORRALES, as Personal Representative of the Estate of Fabian Corrales and ROSA MARIA CORRALES, individually and as natural mother of F.C., | No. 14-15122 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-00287-ROS |
| v. | MEMORANDUM[*] |
| CLARK DAVID IMPASTATO, Phoenix Police Officer No. 9168, individually and in his official capacity and CITY OF PHOENIX, Arizona, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted April 15, 2016
San Francisco, California

Before: NOONAN, BEA, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Fabian Corrales appeals the district court's grant of summary judgment in favor of Police Officer Clark Impastato on Corrales's claims arising under 42 U.S.C. § 1983 and the Arizona police deadly-force justification statute. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994), viewing the facts and "draw[ing] reasonable inferences" in the light most favorable to the non-moving party "to the extent supportable by the record," *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007) (emphasis omitted).

1.      Excessive force claims are governed by the Fourth Amendment's "objective reasonableness standard," which requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 388, 396 (1989) (internal quotation marks omitted). "An officer's use of *deadly* force is reasonable only if 'the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others,'" and a warning has been given where feasible. *Scott v. Henrich*, 39 F.3d 912, 914 (9th Cir. 1994) (quoting *Tennessee v. Garner*, 471 U.S. 1, 3 (1985)) (emphasis in original). We must judge the reasonableness of a particular use of

force "from the perspective of a reasonable officer on the scene." *Graham*, 490 U.S. at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97.

Viewing the evidence in the light most favorable to Corrales, Officer Impastato first confronted Corrales while Officer Impastato was conducting an undercover drug deal. Corrales rushed toward Officer Impastato while pulling his previously concealed hand from his waistband and forming it into a fist with a single, hooked finger extended, in an attempt "to scare [Officer Impastato] into believing that [he] had a gun and [he was] going to try to kill [him]." Though Officer Impastato did not hear Corrales yell "I'm going to kill you," he nevertheless reacted to the threat he reasonably believed Corrales posed—and that Corrales had intended to create—by immediately reaching for his gun and rapidly firing at Corrales. Officer Impastato stopped firing as soon as Corrales fell and he believed the threat to his life had been eliminated. The entire incident spanned only 3.3 seconds from the time Officer Impastato reached for his gun to the time Corrales was struck by the officer's fifth and final bullet.

Officer Impastato's use of deadly force under these circumstances was not objectively unreasonable. Faced with a tense and rapidly evolving situation, he had "probable cause to believe that [Corrales] pose[d] a significant threat of death or serious physical injury to [himself] or others,'" and was therefore justified in firing at Corrales to end the perceived threat. *Scott*, 39 F.3d at 914 (quoting *Tennessee,* 471 U.S. at 3). Because "[v]erbal warnings are not feasible when lives are in immediate danger and every second matters," Officer Impastato was not required to issue a warning before firing at Corrales under the rapidly changing circumstances. *Estate of Martinez v. City of Fed. Way*, 105 F. App'x. 897, 899 (9th Cir. 2004). Officer Impastato was also not required to cease firing "until the threat [Corrales posed] ha[d] ended." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2022 (2014). Officer Impastato reasonably believed the threat posed by Corrales had been eliminated only after Corrales was struck by his final bullet and fell to the ground. Officer Impastato's use of force was therefore reasonable.

**2.** Because we find that Officer Impastato's use of deadly force did not violate Corrales's Fourth Amendment rights, Officer Impastato is entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 232–33 (2009). We therefore need not consider whether such right was "clearly established." *Id.* at 236.

4

**3.** Because Officer Impastato reasonably believed Corrales posed a threat of significant bodily harm or death, his actions are also justified under the reasonableness standard laid out in Arizona Revised Statute §§ 13-410(C) and 13-410(C)(1).

**4.** Each party shall bear its own costs.

**AFFIRMED.**